Dec 5 2005
1:11PM
7571774

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
MDL Docket No. 3:03CV1516

FILED
IN COURT
CHARLOTTE, N. C.

DEC 15 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

|  |  |
|---|---|
| IN RE POLYESTER STAPLE ANTITRUST LITIGATION ) ) ) ) | |
| THIS DOCUMENT RELATES TO: ) ) | ORDER AND RULE 54(b) FINAL JUDGMENT (AS TO WELLMAN, INC.) |
| Case No. 3:03CV00200 (Tex Tech Industries, Inc.) ) | |
| Case No. 3:03CV00201 (Hollander Home Fashions Corp.) ) | |
| Case No. 3:03CV00203 (Carpenter Co.) ) | |
| Case No. 3:03CV00206 (Fiber Dynamics, Inc.) ) | |
| Case No. 3:03CV00207 (Doran Mills, LLC) ) | |
| Case No. 3:03CV00208 (Habasit Belting, Inc.) ) | |
| Case No. 3:03CV00209 (J.H.N.Y., Inc.) ) | |
| Case No. 3:03CV00280 (Quality Felt Co.) ) | |
| Case No. 3:03CV00309 (Southern Fiber, Inc.) ) | |
| Case No. 3:03CV00474 (Thomaston Mills, Inc.) ) ) | |

This matter is before the Court upon Class Plaintiffs' Motion For Final Approval Of Settlements With Wellman, Inc. And The Nan Ya Defendants (the "Motion").

Class Plaintiffs'[1] and defendant Wellman, Inc. ("Wellman") entered into the Wellman Settlement Agreement (the "Settlement") to fully and finally resolve Class Plaintiffs' claims against Wellman. On October 5, 2005, the Court entered its Order Granting Preliminary Approval of Proposed Settlement with Wellman ("Preliminary Approval Order"). Among other

---

[1] Class Plaintiffs are Tex Tech Industries, Inc.; Hollander Home Fashions Corp.; Carpenter Co.; Fiber Dynamics, Inc.; Doran Mills, LLC; Habasit Belting, Inc.; J.H.N.Y., Inc.; Quality Felt Co.; Southern Fiber, Inc.; and Thomaston Mills, Inc.

things, the Preliminary Approval Order authorized the Class Plaintiffs to disseminate notice of the proposed settlement, fairness hearing, and related matters to the Wellman Settlement Class. Notice was provided to the Wellman Settlement Class and the Court held the fairness hearing on December 15, 2005.

Having considered the Motion, including the proposed respective plans of allocation and Class Counsel's requests for payment of attorneys' fees and expenses, oral argument presented at the fairness hearing, and the complete records and files in this matter. The Court is of the opinion the relief sought in the Motion should be granted.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Court has jurisdiction over the subject matter of this litigation.

2. Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

3. The Preliminary Approval Order outlined the form and manner by which Class Plaintiffs were to provide the Wellman Settlement Class with notice of the Settlement, the fairness hearing, and related matters. The notice program included individual notice to members of the Wellman Settlement Class who could be identified through reasonable effort, as well as the publication of a summary notice in *The Wall Street Journal*. Proof that the mailing and publication conformed with the Preliminary Approval Order has been filed with the Court. This notice program fully complied with Rule 23, Fed.R.Civ.P., and the requirement of due process. It provided due and adequate notice to the Wellman Settlement Class.

4. The Settlement with Wellman was attained following extensive litigation. It

resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5. Final approval of the Settlement with Wellman is granted pursuant to Rule 23(e), Fed.R.Civ.P., because it is "fair, reasonable and adequate" to the Wellman Settlement Class. In reaching this conclusion, the Court considered: the complexity, expense, and likely duration of the litigation and the Class' reaction to the settlement.

6. The Plan of Allocation set forth in the Class Notice is "fair, reasonable and adequate" to the Wellman Settlement Class and, therefore, is granted final approval.

7. The following Wellman Settlement Class is certified pursuant to Rule 23:

> All persons (excluding (1) governmental entities, (2) Defendants, and their parents, predecessors, subsidiaries, affiliates, and their co-conspirators and (3) the Non-Class Plaintiffs) who purchased Polyester Staple in the United States directly from any of the Defendants or their co-conspirators or any predecessor, subsidiary or affiliate of any present or former parent, subsidiary or affiliate of each, at any time during the period from April 1, 1999 to July 31, 2001.

This Wellman Settlement Class satisfies the prerequisites to certification set forth in Rule 23(a), Fed.R.Civ.P., in that: (a) the Wellman Settlement Class is so numerous that joinder of all members is impracticable; (b) the members of the Wellman Settlement Class share common questions of law or fact; (c) the Class Plaintiffs' claims are typical of those of the Wellman Settlement Class; and (d) the Class Plaintiffs have, and will, fairly and adequately protect the interests of the Wellman Settlement Class. In addition, the requirements of Rule 23(b)(3), Fed.R.Civ.P., are satisfied in that: (a) common questions of law or fact predominate over questions affecting only individual members; and (b) litigating this case as a class action is

superior to other methods available for the fair and efficient adjudication of the controversy. Therefore, final certification of the Wellman Settlement Class is granted.

8. The Class Plaintiffs are adequate representatives of the Wellman Settlement Class and are hereby appointed as the class representatives.

9. Pursuant to Rule 23(g), Fed.R.Civ.P., Class Counsel previously appointed by the Court (Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Gold Bennett Cera & Sidener LLP, Weinstein Kitchenoff & Asher LLC, and Heins Mills & Olson) are appointed as counsel for the Wellman Settlement Class. These firms have, and will, fairly and competently represent the interests of the Wellman Settlement Class.

10. The entities identified on Exhibit A, if any, have timely and validly requested exclusion from the Wellman Settlement Class and, therefore, are excluded. Such entities are not included in or bound by this Order and Final Judgment and may individually pursue claims (if any) against Wellman. Such entities are not entitled to any recovery from the settlement proceeds obtained through this settlement. However, this Final Order and Judgment in no way affects their right to participate in any recovery obtained from any other Defendant.

11. All Released Claims of the Wellman Settlement Class that were asserted against Wellman and the Releasees in the Action and are hereby dismissed with prejudice and without costs. The Releasors are barred from instituting or prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any Releasee. This dismissal applies only in favor of Wellman and the other Releasees. It is made without prejudice to any claims the Wellman Settlement Class has against any other Defendant.

4

12. The escrow account established by the parties, and into which Wellman has already deposited the $8,500,000 Settlement Fund, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

13. This Order and Final Judgment does not settle or compromise any claims by Plaintiffs or the Wellman Settlement Class against the other Defendants or other persons or entities other than the Releasees, and all rights against any other Defendants or other persons or entities are specifically reserved. The sales of Polyester Staple by Wellman shall remain in these cases against the non-settling Defendants as a basis for damage claims and shall be part of any joint and several liability claims against any non-settling Defendant or other person or entities other than the Releasees.

14. The Court hereby awards Class Counsel $1,700,000 in reasonable attorneys' fees and expenses plus interest earned thereon out of the Wellman Settlement Fund.

15. The Court hereby authorizes Class Counsel, without further order of the Court, to disburse the settlement funds to Authorized Claimants who make claim in accordance with the Plan of Allocation.

16. Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, or administrative proceeding.

17. Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the litigation between the Plaintiffs and all remaining Defendants; (c) the enforcement of the Settlement Agreement; and (d) the distribution of the settlement proceeds.

18. Pursuant to Rule 54(b), Fed.R.Civ.P., the Court finds that there is no just reason for delay and hereby directs the entry of final judgment of dismissal as to Wellman. The claims of Class Plaintiffs against Wellman are dismissed with prejudice.

This the 15th day of December, 2005.

RICHARD L. VOORHEES
UNITED STATES DISTRICT COURT JUDGE

## EXHIBIT A

## REQUESTS FOR EXCLUSION

Fiber Cushioning, Inc.